1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

JUSTIN EDWARD LEWIS,

               Plaintiff,

     v.

RICK HETZEL, et al.,

               Defendants.

Case No. C20-5114-RBL-TLF

REPORT AND
RECOMMENDATION

Noted for   **August 14, 2020**

11

12

13

14

15

16

17

18

19

20

This matter is before the Court on plaintiff's filing of a civil rights complaint and a

response to the Court's order that he show cause why his complaint should not be

dismissed for failure to state a claim or file an amended complaint. Dkts. 10, 11, 12.

Plaintiff is proceeding *pro se* and *in forma pauperis* in this matter, which has been

referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423

U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). For the reasons set

forth below, plaintiff's complaint remains fatally deficient and plaintiff has failed to show

cause why the complaint should not be dismissed for failure to state a claim. Therefore,

the undersigned recommends that the Court dismiss this action for failure to state a

claim upon which relief may be granted.

21

DISCUSSION

22

23

24

25

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis*

"at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b)

"fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief

REPORT AND RECOMMENDATION - 1

1    against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.

2    § 1915A(a), (b).

3        Before the Court may dismiss the complaint as frivolous or for failure to state a

4    claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her

5    complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v.*

6    *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co.,*

7    *Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir.

8    1987). On the other hand, leave to amend need not be granted "where the amendment

9    would be futile or where the amended complaint would be subject to dismissal." *Saul v.*

10   *United States*, 928 F.2d 829, 843 (9th Cir. 1991).

11       Plaintiff's complaint is brought under § 1983. To state a claim under § 1983,

12   a plaintiff must allege facts showing (1) the conduct about which he complains was

13   committed by a person acting under the color of state law; and (2) the conduct deprived

14   him of a federal constitutional or statutory right.  *Wood v. Ostrander*, 879 F.2d 583, 587

15   (9th Cir. 1989). A plaintiff must allege that he suffered a specific injury as a result of the

16   conduct of a particular defendant, and he must allege an affirmative link between the

17   injury and the conduct of that defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377

18   (1976).  Sweeping conclusory allegations against an official are insufficient to state a

19   claim for relief.  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).  Further, a § 1983

20   suit cannot be based on vicarious liability alone, but must allege the defendant's own

21   conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90

22   (1989).

23

24

25

REPORT AND RECOMMENDATION - 2

1    Additionally, Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires a

2  complaint to include a short and plain statement of the claim showing that the pleader is

3  entitled to relief, in order to give the defendant fair notice of what the claim is and the

4  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)

5  (*citing Conley v. Gibson*, 355 U.S. 41 (1957)). The complaint must include more than

6  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of

7  a cause of action." *Twombly,* 550 U.S. at 555-557. A claim upon which the court can

8  grant relief has facial plausibility; in other words, a claim has "facial plausibility when the

9  plaintiff pleads factual content that allows the court to draw the reasonable inference

10  that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

11    A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v.*

12  *Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984). In defining the meaning of "frivolous"

13  under Section 1915(e)(2)(B), the United States Supreme Court has held that the *in*

14  *forma pauperis* statute gives judges "the unusual power to pierce the veil of the

15  complaint's factual allegations and dismiss those claims whose factual contentions are

16  clearly baseless ... describing fantastic or delusional scenarios." *Nietzke v. Williams*,

17  490 U.S. 319, 327 (1989). "A court is not bound, as it usually is when making a

18  determination based solely on the pleadings, to accept without question the truth of the

19  plaintiff's allegations ... [A] finding of factual frivolousness is appropriate when the facts

20  alleged rise to the level of the irrational or the wholly incredible, whether or not there are

21  judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S.

22  25, 32–33 (1992); *McIntosh v. Grande-Butera*, No. C 18-07758 WHA, 2019 WL

23  1877160, at *2 (N.D. Cal. Apr. 26, 2019).

24

25

REPORT AND RECOMMENDATION - 3

1    Plaintiff's complaint alleges violations of his Eighth Amendment rights and his right to

2    "equal protection." Dkt. 1-1. Plaintiff's complaint states:

3             The idea of confidential informants being null and also giving
              qualified immunity like their handler gots [sic] hard to see who is
4             the police protecting me and my rights and who is the person
              breaking rules, police and laws. I declare Correctional Officer Rick
5             Hetzel is conspiring with confidential Informant's ACACIA BLOCK
              CRIP's also know [sic] as Westpark famely [sic] using gang
6             stalking tacktic [sic] in jail, prison and municipality all around the
              State of Washington violation of Eight [sic] Amendment Right's
7             [sic] of Equal Protection of all laws by high exposure to Ion rays
              singal [sic] hacking in my RFID chip in body sec. android domain
8             and steel crypto currency and open face account on bank's go.dot
              web site's using false information and erroneous hearsay to lock
9             me up and keep me lock up David Jones of BHR conspireing [sic]
              with Rick Hetzel to misuse my orcs funding to house Rick Hetzel
10            gang stalking crip to not give me servers through edge.com and
              Washington State D.O.C. and D.S.H.S. as displacing me in a
11            community with serious mental health need with little to no help in
              Thurston County and Thurston County Officer Santee gave me a
12            job as [words indecipherable] in mental health unit then broke
              federal law hired another inmate and told him that he will get his
13            percentage using daredevil hacking program take my job [words
              indecipherable] in my room and hack in my R.F.I.D. chip body.

14   *Id.*

15            Plaintiff describes the harm he has suffered as "serious mental disorder not given

16   MED's [sic] for phycoes [sic] loss of liberty and unable to prosper harm of all ways being

17   target of confidential informant conspiracy." *Id.* As relief he requests "declaratory

18   judgment" and "preliminary civil gang injunction on acting confidential informant ACACIA

19   Block Compton Crip of Kitsap County and as known Bayvistahtm the West Park Famely

20   [sic] cult." *Id.*

21            Plaintiff's complaint is deficient in that it contains vague, conclusory, and

22   implausible allegations. Several of plaintiff's allegations also appear to qualify as

23   frivolous. Plaintiff asserts defendant Hetzel conspired with a confidential informant using

24   "gang stalking" tactics in jail, prison and municipality "all around the State of

25

REPORT AND RECOMMENDATION - 4

1  Washington." But plaintiff does not explain what he means by "gang stalking" or what

2  specific actions defendant Hetzel allegedly took that violated his rights.

3      Plaintiff also alleges defendant Hetzel used false information and erroneous

4  hearsay to lock him up and keep him locked up. But he fails to explain what "false"

5  information he is referring to or what specific actions defendant Hetzel allegedly took.

6  He alleges DOC and DSHS have "displaced" him in a community with serious mental

7  health need with little to no help in Thurston County. But plaintiff does not link this

8  allegation with any named defendant or provide any specific facts to support this claim.

9  Plaintiff also asserts some vague allegations regarding his mental disorder and not

10 being properly medicated but fails to link his allegation to the specific acts or omissions

11 of any defendant. Without additional facts and explanation to support his conclusory

12 allegations, plaintiff fails to state a claim.

13     Plaintiff alleges defendant Hetzel's actions violated his Eighth Amendment rights

14 and his right to equal protection by exposing him to ion rays signal hacking in his "RFID

15 chip" in his body. Plaintiff alleges defendant Jones conspired with defendant Hetzel to

16 misuse his "orcs funding" to house defendant Hetzel's "gang stalking crip" and to not

17 give him his "servers." He asserts defendant Santee gave him a job but then broke

18 federal law by hiring another inmate and having that inmate "hack" into plaintiff's "RFID

19 chip." Dkt. 1. Again, plaintiff's complaint is completely devoid of any specific facts to

20 support these conclusory allegations. Moreover, these allegations regarding an "RFID

21 chip" implanted in his body, being exposed to "ion rays signal hacking," conspiracy to

22 not give plaintiff his "servers", and hiring a fellow inmate to "hack" plaintiff's "RFID chip"

23

24

25

1   "rise to the level of the irrational or the wholly incredible" and are subject to dismissal as

2   frivolous.

3         Plaintiff was advised of the deficiencies in his complaint and given an opportunity

4   to allege additional facts in order to state a claim either in an amended complaint or to

5   show cause why his complaint should not otherwise be dismissed for failure to state a

6   claim. Plaintiff was advised that if he intended to pursue his claims he must allege facts

7   showing who violated his rights, when they violated his rights, and how this violation

8   caused him harm.

9         He was advised that he could accomplish this by filing an amended complaint

10  with short, plain statements telling the Court: (1) the constitutional right he believes was

11  violated; (2) name of the person who violated the right; (3) when and what that

12  individual did or failed to do; (4) how that person's acts or failures to act are connected

13  to the violation of his constitutional rights; and (5) what specific injury he suffered

14  because of that person's acts or omissions.  See *Rizzo v. Goode*, 423 U.S. 362, 371–72

15  (1976). He was advised that if he failed to affirmatively link the conduct of each named

16  defendant with the specific injury suffered by plaintiff, the claim against that defendant

17  would be dismissed for failure to state a claim. Plaintiff was advised that conclusory

18  allegations that a defendant or a group of defendants have violated a constitutional right

19  are not acceptable and would be dismissed.

20        In his response to the Court's order the plaintiff states:

21
22
23
24

> New information on gang stalkers in jail using burn out prepaid cell
> phone and missuseing [sic] apps on play story and Itunes and
> Fovensil IT specialist will testify. The harm that a I-on Ray app and
> ibio app and 3dmoble app to Justin Edward Lewis mind and body.
> The miss use of this technology by all parties is being shown on
> house of pain.html on the worldwide web. Also being PMIO and in
> the orcs prgrame [sic] for DOC of Washington my phys mental my

25

REPORT AND RECOMMENDATION - 6

1
2

> body spirit has deteriorated cause me to have run in with all the
> jail stat playing games with my life and bank account and also I
> will be giving the court gps location and IP address on all people
> invold [sic].

3

Dkt. 12. Plaintiff's response to the Court's order fails to cure the deficiencies in the

4

complaint identified above. Accordingly, the complaint should be dismissed for failure to

5

state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C.

6

§ 1915A(a), (b).

7

## CONCLUSION

8

Plaintiff was granted the opportunity to amend his complaint to state a viable

9

constitutional claim or show cause why his complaint should not be dismissed in light of

10

its deficiencies and has failed to do so. Plaintiff's complaint remains fatally deficient

11

without any indication the deficiencies discussed above can be cured. Accordingly, the

12

Court should dismiss this action with prejudice for failure to state a claim under 42

13

U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b).

14

The parties have **fourteen (14) days** from service of this Report and

15

Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule

16

of Civil Procedure (FRCP) 72(b); *see also* FRC P 6. Failure to file objections will result

17

in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140

18

(1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

19

directed set this matter for consideration on **August 14, 2020**, as noted in the caption.

20

Dated this 21st day of July, 2020.

21

22

*Theresa L. Fricke*
_____
Theresa L. Fricke
United States Magistrate Judge

23

24

25

REPORT AND RECOMMENDATION - 7